United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 9, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40010
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ROLANDO GARCIA-LEAL,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1828-ALL
---------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:*

    Rolando Garcia-Leal (Garcia) appeals his guilty-plea

conviction and sentence for illegal reentry after deportation.

He was sentenced to 41 months of imprisonment and three years of

supervised release.  Garcia asserts that his sentence is invalid

in light of United States v. Booker, 125 S. Ct. 738 (2005).

Because the district court sentenced Garcia under a mandatory

guidelines regime, it committed a Fanfan error.  See United

States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir.), cert.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>denied</u>, 126 S. Ct. 267 (2005). Because the Government concedes that Garcia preserved his <u>Fanfan</u> claim, this court reviews for harmless error. <u>United States v. Walters</u>, 418 F.3d 461, 463-64 (5th Cir. 2005); <u>United States v. Mares</u>, 402 F.3d 511, 520 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 43 (2005). Under this standard of review, the Government bears the burden of proving beyond a reasonable doubt that the district court would not have sentenced Garcia differently under an advisory guidelines sentencing regime. <u>Walters</u>, 418 F.3d at 464. The record contains no indication that the district court would have imposed the same sentence absent the error. The Government thus cannot meet its burden. Accordingly, Garcia's sentence is vacated and the case is remanded for resentencing.

Garcia also asserts that the district court erred in ordering him to cooperate in the collection of a DNA sample as a condition of supervised release and that this condition should therefore be vacated. This claim is dismissed for lack of jurisdiction because it is not ripe for review. <u>United States v. Riascos-Cuenu</u>, 428 F.3d 1100, 1101-02 (5th Cir. 2005).

Garcia further asserts that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional. Garcia's constitutional challenge is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998). Although Garcia contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule

Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Garcia properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

APPEAL DISMISSED IN PART FOR LACK OF JURISDICTION; SENTENCE VACATED; REMANDED FOR RESENTENCING.